By the Court, Bronson, J.
The point was specially taken, that the plaintiff could not recover without showing that the defendants had consented to the assignment of the policy, or had in some way waived their right to make the objection. The judge decided the point against the defendants, and they excepted to his opinion. This presents the broad question, whether an assignment of the policy without the consent of the company renders the contract void.
The clause of the policy touching this question- is as follows : “ The interest of the assured in this policy is not assignable without the consent of the .said company in writing; and in case of any transfer or termination of the interest of *499 the assured, either by sale or otherwise, without such consent, this policy shall thenceforth be void and of no effect.” I have felt some difficulty in the construction of this clause and have tried to read it, as the plaintiff’s counsel reads it, so that it will apply to the plaintiff’s interest in the subject insured, and not to the contract. But the language is, that the “policy is not assignableand as the condition is a sensible one as it stands, I do not see how we can substitute another word without making a new agreement for the parties. And besides, there was no occasion for a condition rendering the contract void on an •assignment of the subject insured, for it had been so expressly provided by the charter of the company. (Stat. 1834, p. 532, § 10.) The insured is a member of the company, not only by the charter, (§ 2,) but by the express terms of the policy.
If we could separate the clause into two parts, and make the last branch apply to the subject, while the first applies to the policy, the plaintiff might, perhaps, succeed. We should then have a declaration, that the “ policy is not assignable without the consent of the companybut not followed by nullifying words—those words, as they stand in the clause, applying in the supposed case, to the subject only. But I do not see how we can separate the clause into parts in this way. The parties seem to have been speaking of the same thing throughout, to wit, the policy. The form of expression is the same in the last, as it is in the first branch of the sentence, and they are tied together by a copulative conjunction. “ The interest of the assured in this policy is not assignable without the consent of the said company in writing; and in case of any transfer or termination of the interest of the assured,” [the interest already mentioned, to wit, in the policy] “ without such consent,” [consent to the assignment of the policy] the contract shall be void. There is a further reason for supposing that the parties were all along speaking of the policy, and not the subject, because, as we have already seen, the charter of the compatiiy renders the policy void when the subject is assigned, and there was no occasion for saying any thing on that point in the contract
*500 The case then comes to this: The parties have agreed that the contract is not assignable without the consent of the company, and that in case of a transfer without such consent, the policy 11 shall thenceforth be void and of no effect.” The-assured has assigned without such consent, and it seems to follow as a consequence that the policy is “ void and of no effect.”- However strongly we may desire to get rid of this conclusion, I do not see how it can be done. The parties must abide by the contract they have made..
It has been ingeniously argued, that as the policy is declared “ not assignable,” it is the assignment, and not the policy, which is void. But, in its own nature, the policy is assignable, so as to pass an equitable interest to the assignee; and by express stipulation, also, the policy may be assigned, provided the written consent of the- company is obtained. It is not assigning merely, but assigning without consent, which is forbidden. And besides, the plaintiff’s argument is all built on the first part of the clause, while, as has already been seen, we must look at the whole of it: and doing so, it then appears that the parties not only contemplated a “ transfer” of the policy, but a transfer without consent: and they provided for that particular case, by declaring that' the policy—not the assignment—should “ thenceforth be void.”(a)
Nelson, Ch. J. and Cowen, X, being members of the company, gave no opinion.
New trial granted.

 See 1 Phil, on Ins. 35, 6, 7.